Martin Wright GORDON, J. C. Gordon, Theo. F. Weiss, Independent Executors of the Estate of Daisy Wright, Deceased.

v.

**UNITED STATES of America.**

**Civ. A. No. 3580.**

United States District Court
W. D. Texas,
San Antonio Division.
Jan. 31, 1967.

Edward R. Finck, Jr., Clemens, Knight, Weiss & Spencer, San Antonio, Tex., for plaintiffs.

Robert L. Waters, Atty., Tax Div., Dept. of Justice, Fort Worth, Tex., for defendant.

SPEARS, Chief Judge.

This is a suit for the recovery of estate taxes and assessed deficiency interest in the amount of $14,074.32, together with interest on the total amount, paid by the executors of the estate of Daisy Wright, who died on May 31, 1961.

The decedent's husband transferred several policies of insurance on his life to trustees, reserving powers of revocation, withdrawal, substitution, and so forth, with the trustees being required to hold the proceeds for the benefit of the decedent for her life, with the remainder interest to their children. All premiums were paid with community funds. The husband died in 1947. The questions presented are:

(1) When the insurance trust became irrevocable by reason of the husband's death, was there a transfer by the decedent of one-half of the insurance proceeds with a retained right to income for decedent's life?

(2) If there was such a transfer, was it made by the decedent for a consideration in money or money's worth?

(3) If there was such a transfer, and it was made by the decedent for a consideration in money or money's worth, is the value of the consideration to be determined as the difference between the fair market value of the transferred property on the date of decedent's death and the value of the life estate in one-half the assets of the trust, or is it to be determined as the difference between the fair market value of the transferred property on the date of decedent's death and the value of the life estate in all the assets of the trust?

In my opinion, the first two questions should be answered in the affirmative, and the third question should be answered that the value of the consideration is to be determined as the difference between the fair market value of the transferred property on the date of decedent's death and the value of the life estate in all of the assets of the trust.

### FACTS

The material facts, all of which have been stipulated, may be summarized as follows:

The decedent was born on December 30, 1882. She married Martin Wright

in 1905, and they remained married and residents of Texas up to and including his death on April 12, 1947.

On October 15, 1937, Martin Wright, joined by the decedent, established the Martin Wright Insurance Trust. After the death of Martin Wright, the life insurance proceeds were paid over to the trustees named in the instrument by the insuring company. The proceeds received by the trustees were administered by them in accordance with the terms and provisions of the trust instrument from the date of Martin Wright's death to decedent's death and to the present time. The amount paid to the trustees by the company was $106,670.59.

Premiums on the policies of insurance described in the trust instrument were paid by Martin Wright' with community funds. No agreements existed between Martin Wright and Daisy Wright at any time prior to April 12, 1947, touching on or concerning the policies of insurance placed in the trust, other than that agreement evidenced by the written instrument creating the trust. During the period between April 12, 1947 and May 31, 1961, Daisy Wright made no conveyance, relinquishment, or other disposition of her right under the trust. No actions taken by Martin Wright during the period October 15, 1937, through and including the date of his death, April 12, 1947, with respect to the trust and the insurance policies therein were in fraud of any rights, legal or equitable, of his wife, Daisy Wright.

Decedent was 64 years of age on the date of her husband's death. The value of a life estate for a 64 year old person in the sum of $106,670.59, is and was the sum of $36,975.23. On April 12, 1947, the value of an income interest for life in $53,335.29 (one-half of $106,-670.59) for a person 64 years of age was $18,487.61. As of the date of death of Daisy Wright, on May 31, 1961, one-half of the net assets of the trust had a fair market value of $42,131.05.

Within the time required by law, there was filed an estate tax return on behalf of the decedent. Upon auditing that return, the Internal Revenue Service made an additional assessment by including in the decedent's estate one-half of the fair market value of the net assets of the trust. The additional tax amounted to $12,133.75, which, together with interest thereon, making a total of $14,074.32, was paid on May 7, 1965. On May 18, 1965, decedent's representatives filed a claim for refund with the District Director.

On July 2, 1965, the District Director gave notice that the claim had been considered and the examination disclosed no basis upon which to reduce the tax liability. Thereafter, the decedent's representatives executed and delivered to the District Director a waiver of statutory notification of claim disallowance. All jurisdictional requirements precedent to the bringing of this suit on behalf of the decedent's estate have been met.

In the prosecution of this suit and in seeking recovery of the sums alleged in the complaint, liabilities have been incurred for reasonable costs, including attorney's fees, and will continue to be incurred until the case is terminated. The parties agree that the Court should retain jurisdiction of this case in order to permit a refund of estate taxes calculated by allowing as deductible administration expenses the reasonable costs incurred in prosecuting this suit and the administrative claim upon which it is based.

## CONCLUSIONS OF LAW

 (1) The life insurance policies forming the corpus of the trust were the community property of Martin Wright and his wife, Daisy Wright, at all times up to the death of Martin Wright.

(2) All actions taken, things done, and rights held by Martin Wright respecting the insurance policies forming the corpus of the trust were taken, done and held by him as agent and manager of the community existing between him and Daisy Wright.

(3) The death of Martin Wright on April 12, 1947, made irrevocable the trust and resulted in a transfer by Daisy Wright of one-half of the proceeds of

the insurance policies forming the corpus of the trust.

(4) By reason of the provisions of the instrument creating the trust, Daisy Wright had a life interest in the income of the property comprising that trust.

(5) The transfer made by Daisy Wright on April 12, 1947, at the death of Martin Wright, was a transfer with a retained right to income for life within the meaning of Section 2036 of the Internal Revenue Code of 1954 of one-half of the proceeds of the insurance policies in the Martin Wright Insurance Trust. See Commissioner of Internal Revenue v. Chase Manhattan Bank, 259 F.2d 231 (5 Cir. 1958), cert. den. 359 U.S. 913, 79 S.Ct. 589, 3 L.Ed.2d 575.

(6) The value of one-half of the proceeds of the insurance policies as of the date of death of Daisy Wright, May 31, 1961, was $42,131.05, which amount was includable in her gross estate by reason of Section 2036 of the Internal Revenue Code of 1954.

(7) The transfer made by Daisy Wright on April 12, 1947 was for a consideration within the meaning of Section 2043(a) of the Internal Revenue Code. Vardell's Estate v. Commissioner of Internal Revenue, 307 F.2d 688 (5 Cir. 1962).

(8) The consideration received by Daisy Wright for her transfer of April 12, 1947, was the right to income for life from the entire proceeds of the insurance policies, which right on April 12, 1947 had a fair market value of $36,975.23. Commissioner of Internal Revenue v. Siegel, 250 F.2d 339 (9th Cir. 1957).

(9) The amount includable in the gross estate of Daisy Wright by reason of her transfer of April 12, 1947, was $5,155.82. Commissioner of Internal Revenue v. Siegel, supra.

(10) The Court will retain jurisdiction of this case to permit a refund of estate taxes calculated by allowing as deductible administration expenses the reasonable costs incurred in prosecuting this suit and the administrative claim upon which it is based.